UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENESIS COMPUTERS, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 3:11cv936 (MRK) |
| | : |
| ERGONOMIC GROUP, INC. & | : |
| HEWLETT-PACKARD, INC., | : |
| | : |
| Defendants. | : |

**RULING AND ORDER**

Plaintiff Jenesis Computers has alleged that Defendant Hewlett-Packard breached a contract with Jenesis and conspired with other parties—including Defendant Ergonomic Group, Inc. ("EGI")—to refuse to deal with Jenesis, in violation of the Connecticut Antitrust Act. Hewlett-Packard has responded with a Motion to Dismiss [doc. # 41] for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Because the Court finds that Jenesis has plausibly stated a breach of contract claim but not an antitrust claim against Hewlett-Packard, the Motion to Dismiss [doc. # 41] is GRANTED IN PART and DENIED IN PART, as described more fully below.

**I.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "plausible grounds" requirement "does not impose a probability requirement at the pleading

1

stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556.

In reviewing a complaint for failure to state a claim pursuant to Rule 12(b)(6), the Court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quotation marks omitted) (alteration in original). *Twombly* and *Iqbal* reiterated the longstanding bar against vague and conclusory allegations; they did not invent or raise that bar. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010); *cf. Greene v. Wright*, 389 F. Supp. 2d 416, 426 (D. Conn. 2005) (quoting *Keating v. Carey*, 706 F.2d 377, 392 n.2 (2d Cir. 1983) ("[T]his Circuit has consistently held that complaints containing only conclusory, vague, or general allegations cannot survive a motion to dismiss.")).

## II.

According to its Amended Complaint [doc. # 31], Jenesis Computers is a limited liability company that sells, installs, and repairs computers and other information technology, primarily in Connecticut, often to state and local government agencies. Defendant Hewlett-Packard is a Delaware corporation that also sells information technology equipment; it removed this lawsuit to federal court after being sued by Jenesis in Connecticut Superior Court. Hewlett-Packard's co-defendant, EGI, is a New York corporation also involved in selling and installing information

technology. The seven counts that Jenesis has brought against EGI are not contested in the motion at hand.

The facts relevant to the two counts that Jenesis has brought against Hewlett-Packard are as follows. Around 2005, Jenesis was accepted by Hewlett-Packard as an authorized service provider ("ASP") for Hewlett-Packard products. Hewlett-Packard's website, through which Jenesis had registered to become an ASP, contained an agreement that governed the obligations between Hewlett-Packard and its ASPs. Among other things, this agreement set the terms and conditions of the payments ASPs would be receive for repairs.

In 2009, Jenesis agreed to perform all of EGI's network installation within Connecticut for the next three years. Around the same time, representatives of Hewlett-Packard and EGI attempted to induce school officials in Harford, Bridgeport, and Waterbury to submit requests for bids with requirements that only Hewlett-Packard could satisfy.

In 2010, the relationship between Jenesis and EGI soured. By summer, both EGI and Hewlett-Packard had begun withholding payments for services Jenesis had provided. Jenesis alleges—presumably against Hewlett-Packard, though the Amended Complaint could be clearer on this point—that "nearly 2500 claims have not been paid, more than half of which were $75.00 claims." *Id.* ¶ 51.

In Fall 2010, EGI successfully requested preferential pricing from Hewlett-Packard for public contracts in Connecticut. Meanwhile, Hewlett-Packard refused to provide pricing to Jenesis for a bid to supply information technology for the Connecticut judiciary. That contract went to EGI, which used Hewlett-Packard products. Hewlett-Packard did, however, provide pricing to Jenesis for a bid on information technology for a school district that would not work with EGI.

Jenesis claims that "[b]y negotiating pre-bid requirements that only HP can fill and refusing to provide pricing to EGI's customers, HP and EGI have eliminated the competition for government contracts in the State of Connecticut." *Id.* ¶ 66. According to Jenesis, Hewlett-Packard conspired either with EGI or with government officials—or both—to refuse to deal with Jenesis.

### III.

The Court turns first to Count IX of the Amended Complaint: Jenesis's breach of contract claim against Hewlett-Packard. The level of factual detail in the Amended Complaint is hardly overwhelming. But the Court must take as true those facts which are alleged, and "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Specifically, Jenesis has alleged: (1) that it had an agreement with Hewlett-Packard to provide services as an ASP; (2) that it performed such services; (3) that Hewlett-Packard began withholding payments for warranty services provided by Jenesis beginning in Summer 2010; and (4) that nearly 2500 claims have not been paid. Together, these factual allegations state a breach of contract claim that is plausible on its face. *See Twombly*, 550 U.S. at 570. The Court will thus allow this claim to proceed.

The Court finds support for this decision in the fact that Jenesis's breach of contract claim does not open Hewlett-Packard to anything like the massive discovery that troubled the *Twombly* Court. *See id.* at 558-60. Quite the contrary: as this case proceeds to its next phase, Hewlett-Packard can simply request invoices or other proof of unpaid services from Jenesis and move for summary judgment if such proof is not forthcoming.

4

For these reasons, Hewlett-Packard's Motion to Dismiss [doc. # 41] is DENIED as to Count IX of the Amended Complaint.

## IV.

The Court finds significantly less factual support in the Amended Complaint for Count VIII: Jenesis's antitrust claim against Hewlett-Packard. Paragraphs 69-74 of the Amended Complaint all fall within the category of "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950; *cf.* Am. Compl. at 13-14. This leaves only the allegations from earlier in the Complaint that (1) Hewlett-Packard and EGI negotiated for bid requirements that only Hewlett-Packard could meet; (2) Hewlett-Packard and EGI employees met to discuss preferential pricing for EGI; (3) Hewlett-Packard gave EGI favorable pricing; and (4) Hewlett-Packard refused to provide Jenesis pricing for one bid that it wanted to submit.

None these allegations even purport to show that Hewlett-Packard and any other party contracted, combined, or conspired to refuse to deal with Jenesis. *See* Conn. Gen. Stat. § 35-28. "It is a well settled proposition of anti-trust law that a manufacturer or supplier . . . has a right to deal, or refuse to deal, with whomever it likes as long as it does so independently." *Retail Serv. Assoc. v. ConAgra Pet Products Co.*, 759 F. Supp. 976, 979 (D. Conn. 1991). Even so, Jenesis offers only one instance in which Hewlett-Packard *itself* refused to deal with Jenesis. *See* Am. Compl. [doc. # 31] ¶¶ 62. With such meager factual support, Jenesis's claim that "HP and EGI have eliminated the competition for government contracts in the State of Connecticut," *id.* ¶ 66, lacks plausibility. In fact, the claim is belied by the preceding paragraphs, in which Jenesis describes a specific instance in it *was* offered pricing by Hewlett-Packard in order to compete for a government contract in Connecticut. *See id.* ¶¶ 64-65.

The Court notes that Jenesis's claims against EGI—including its antitrust claim—are all moving forward, and discovery regarding those claims has begun. Should Jenesis discover evidence during discovery that Hewlett-Packard somehow contracted, combined, or conspired with another party to refuse to deal with Jenesis, Jenesis may request that the Court reinstate its antitrust claim against Hewlett-Packard. But at this point, even after the Court gave it the chance to amend its complaint and instructed it to "plead as many facts as possible consistent with Rule 11," Order [doc. # 27], Jenesis has still not "suppl[ied] facts adequate to show illegality," *Twombly*, 500 U.S. at 557. Thus, the Court finds that Jenesis has failed to state an antitrust claim against Hewlett-Packard.

As to Count VIII of the Amended Complaint [doc. # 31], Hewlett-Packard's Motion to Dismiss is GRANTED.

          IT IS SO ORDERED.

          /s/  Mark R. Kravitz
          United States District Judge

**Dated at New Haven, Connecticut: January 9, 2012.**